### THE UTICA INSURANCE COMPANY *vs.* BADGER.

*Proof of hand writing of the endorser of a note, going no farther than that the witnes believed it to be the hand writing of the endorser, founded upon the facts of having seen him write his name two* months before the trial, and also having seen him write five years before the trial, stating at the same time that he would not have been able to have testified to the hand writing from the fact alone of having seen him write five years ago, and expressing doubts as to a part of the signature, would scarcely be sufficient to uphold a verdict, if the question as to its sufficiency had been properly submitted to a jury.

Where a judge upon such evidence, in an action by the endorsees of a promissory note, charged the jury that the plaintiffs were entitled to a verdict, instead of leaving it to them, under proper instructions, to say whether the endorsement was or was not the hand writing of the party, a new trial was granted. ·

THIS was an action of *assumpsit*, tried at the Oneida circuit, in April, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges, on a promissory note by the plaintiffs, as second endorsees, against the defendant, as maker.

The declaration stated the making of the note by the defendant (Luther Badger) to Stephen Hungerford and John Ainslee, bearing date 7th December, 1825: an endorsement by the payees to Crocker and Badger; and a second endorsement by them to the plaintiffs. On the trial of the

cause, the making of the note and the endorsement by the payees was admitted. A witness for the plaintiffs testified that Isaac Crocker and Luther Badger were co-partners in trade in September, 1825 ; and that he believed the name Crocker and Badger endorsed on the note to be the proper hand writing of Badger. He saw Badger write his name in February, 1828, and had seen him write five years since, but would not have been able to have testified to his hand writing from the fact alone of having seen him write five years since ; that he made up his opinion from looking at his hand writing which he saw him write in February last. He could not say that the name *Crocker*, forming part of the signature, was the hand writing of Badger. It did not look like his. Both names appeared to have been written with the same hand ; but he never saw Crocker's name written by Badger, and therefore could not testify with certainty as to that name. Upon this evidence, the plaintiffs offered to read the note to the jury. The defendant objected to the sufficiency of the proof. The judge overruled the objection, and the note was read. The defendant excepted.

On the part of the defendant, Stephen Hungerford, (one of the payees,) testified that the note was endorsed by the payees for the accomodation of the maker ; that he had often seen Badger write ; that he did not think the name Crocker and Badger looked like Badger's hand writing exactly ; he rather thought that it was not his hand writing ; both names appeared to be written by the same hand ; the word *Crocker* did not resemble Badger's hand writing.

Upon this evidence, and other testimony in the case, not relating, however, to the proof of hand writing, the judge charged the jury that the plaintiffs were entitled to a verdict. The jury found accordingly. The defendant excepted to the charge. The other testimony given on the trial is not stated, as it presented questions not passed upon in the opinion of the court. A motion was now made to set aside the verdict.

*J. A. Spencer*, for defendant.

*S. A. Foot*, for plaintiffs.

UTICA, August, 1829.

Utica Ins. Co. v. Badger.

UTICA,  *By the Court*, MARCY, J.  The plaintiffs having set forth
August, 1829. in their declaration the transfer of the note from Crocker and
Mooers  Badger to themselves, were bound to prove it.  There was
v.  proof that Crocker and Badger were partners.  It was there-
Wait.  fore only necessary to shew the endorsement by either of
them.  (Bayley on Bills, 40.)  There was no proof whatever
that the endorsement was made by Crocker; and so light
was the evidence of its having been made by Badger, that
it would have been scarcely sufficient to uphold a verdict for
the plaintiffs, if the question as to its sufficiency had been pro-
perly submitted to the jury.  I think the judge erred in not
leaving it to the jury, under proper instructions, to say wheth-
er the endorsement was or was not the hand writing of
Badger.  On this ground, I am for granting a new trial.  It is
not necessary to consider the other points raised on the argu-
ment.

New trial granted.